In the Matter of the Claim of LOUISE K. EDWARDS, Respondent, against CARBORUNDUM COMPANY et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by an employer and its insurance carrier from a decision and award of the Workmen's Compensation Board awarding death benefits to the widow and two minor children of a deceased employee. The employer, a manufacturer of abrasives, had employed decedent for eight years as a pipe fitter. The board has found that while decedent was in the regular course of his employment he sustained an accident on February 16, 1950, when a flange from an overhead beam fell on his head, and a further accident on March 6, 1950, due to the nature of heavy and awkward work he performed that day, and that both accidents contributed to the rupture of the aneurysm of the right middle cerebral artery causing his death. The record contains the now familiar conflict of medical opinion — two physicians, including an impartial specialist, testifying to causal connection and three asserting that death was the natural result of a pre-existing condition unrelated to any accident. The conflict made the issue of causal relationship clearly one of fact. There is substantial evidence to support the finding of the board and its determination is final and conclusive. Decision and award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P. J., Bergan, Halpern, Imrie and Zeller, JJ.

■

In the Matter of the Claim of MIKE TUTOKEY, Respondent, against CARBORUNDUM COMPANY et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by an employer and its insurance carrier from a decision and award made in favor of claimant by the Workmen's Compensation Board for disability covering the period from April 23, 1948, to January 1, 1949. Claimant sustained a back injury on November 7, 1944, and compensation was paid to him from November 27, 1944, to December 12, 1944. The claim was closed in 1945 because of his failure to appear. In 1948 he applied to the board for a reopening of his case alleging that he still had a back condition resulting from the accident of November 7, 1944. The board found that as a result of the original accident claimant suffered injuries in the nature of a muscle spasm, limitation of motion in the lumbo-sacral junction and possibly a ruptured intervertebral disc. There is a conflict in the medical testimony as to whether claimant's condition between 1948 and 1949 was an aftermath and due to the episode of November 7, 1944, or whether it was due to osteoarthritis. We think the board had before it, after the case was reopened, medical evidence sufficiently substantial to sustain its finding of causal relation. Decision and award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P. J., Bergan, Halpern, Imrie and Zeller, JJ.